IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| PRIME TIME SPORTS, LLC, | ) | Case No. 12 B 4838 |
| | ) | |
| Debtor. | ) | Hon. A. BENJAMIN GOLDGAR |

## AGREED FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO § 363(c)(2) AND BANKRUPTCY RULE 4001(b) AND FOR ADEQUATE PROTECTION

This matter coming to be heard on Secured Creditor, First Merit Bank, N.A.'s ("FirstMerit") Motion To Prohibit or Condition the Use of Cash Collateral and for Adequate Protection (the "Motion"), FirstMerit and the Debtor agreeing to entry of this Order, due and proper notice having been served, this Court having jurisdiction over the parties and subject matter and being otherwise fully advised in the premises, and the Debtor and FirstMerit stipulate and agree to the following facts:

1. On February 10, 2012, the Debtor filed a Petition for relief under Chapter 11 of the United States Bankruptcy Code, and has continued in possession of its property as Debtor In Possession pursuant to §§ 1107 and 1108.

2. On December 15, 2008, the Debtor executed a Promissory Note (the "Note") in favor of Midwest Bank and Trust Company ("Midwest") in the principal amount of $165,000.00 (the "Indebtedness"). Contemporaneously therewith, the debtor also executed a Business Loan Agreement and a Commercial Security Agreement (the "Security Documents") granting Midwest a blanket lien on all inventory, equipment, accounts, chattel paper, instruments, letter-or-credit rights, documents, deposit accounts, investment property, money, other rights to payment and performance, and general intangibles, and all proceeds, accessions, replacements and attachments

thereto (the "Collateral").

3. FirstMerit Bank, N.A. ("FirstMerit") is the successor in interest to Midwest pursuant to the terms of the Purchase and Assumption Agreement dated May 10, 2010, between the Federal Deposit Insurance Corporation and FirstMerit.

4. FirstMerit's prepetition security interests and liens in the Collateral are first priority, valid and properly perfected by virtue of a UCC Financing Statement filed with the Illinois Secretary of State on January 6, 2006 and a Continuation Statement filed September 15, 2010, which was properly assigned to FirstMerit on July 28, 2010.

5. The principal balance outstanding as of the Petition Date was $145,459.34, not including accrued interest, costs, expenses, attorneys' fees and other charges. Collectively, all principal, interest, fees, attorneys' fees and charges and all other payment obligations of Debtor arising under the Note constitute the PrePetition Indebtedness.

6. The Debtor waives any claims arising from or in any way related to this Order or the lending relationship between the Debtor and FirstMerit, including but not limited to waiving its right to: (1) pursue possible avoidance claims under the provisions of 11 U.S.C. §§ 544, 547, 548 and 555; (2) attempt to surcharge the Collateral under the provisions of 11 U.S.C. § 506(c); (3) grant a security interest in or impose liens upon the Collateral under 11 U.S.C. § 364 or otherwise without prior written consent of Lender.

IT IS THEREFORE ORDERED THAT:

A. The Debtor is authorized to utilize cash collateral to the extent needed pursuant to the monthly budget, attached hereto as Exhibit A (the "Budget"), on an continuing basis pending further Order of this Court;

B. Absent the FirstMerit's advance written consent or subsequent order of this Court,

subject to the terms and conditions contained in this Order, the Debtor may use cash collateral to the extent of plus or minus 10% of each line item set forth on its Budget, attached hereto, and shall provide to counsel for FirstMerit, the U.S. Trustee and counsel for any Committee appointed in this case, a reconciliation at the end of each monthly Budget period, comparing actual expenditures made from cash collateral as against the Budget for the same period of time, and a copy of the Debtor's current accounts receivable report and invetory.

C. The Debtor shall, upon reasonable request, make available to FirstMerit evidence of that which constitutes its Collateral or proceeds.

D. FirstMerit is hereby granted and shall have replacement liens in and to the Collateral, and all accessions to, substitutions of and replacements for the Collateral. The liens granted in this paragraph ("Adequate Protection Liens") shall be subject only to prior perfected and unavoidable liens in property of the Debtor's estate as of the Petition Date. Moreover, to the extent that the Adequate Protection Liens do not adequately protect FirstMerit from the diminution in the value of its interests in the Collateral, FirstMerit shall have an allowed claim in accordance with 11 U.S.C. § 507(b) against the Debtor's estate that shall be superior to any unsecured claim, whether an administrative or priority claim, against the Debtor's estate except quarterly fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6).

E. The liens and security interests granted herein to FirstMerit shall have the same validity, perfection, and enforceability to the same extent and with the same priority as the pre petition liens held by FirstMerit without any further action by the Debtor or FirstMerit and without executing or recording any financing statements, security agreements, or other documents.

F. The Debtor, at its expense, shall maintain insurance to cover the Collateral from loss with all such insurance polices and endorsements in an amount sufficient to cover the replacement

value of the Debtor's Collateral, and FirstMerit shall at all times be named lienholder upon all insurance policies.

G. Without prejudice to the right of any creditor or other party in interest to object to, challenge, seek to avoid or otherwise dispute the validity and priority of FirstMerit's prepetition, liens and security interests, the Debtor is deemed to stipulate with FirstMerit that FirstMerit's prepetition security interests and liens are properly perfected, valid and unavoidable and secure FirstMerit's prepetition claim. Further, the Debtor shall service notice of this Order to all parties in interest within five (5) days of entry of this Order, and all parties in interest shall have sixty (60) days from the date of this Interim Order to object to FirstMerit's liens. If no challenge is presented to FirstMerit's liens by the conclusion of this sixty (60) day period, or any extension of such sixty (60) day period, whether by agreement or order of Court, FirstMerit's liens shall be deemed to be valid and properly perfected.

H. The Debtor shall maintain its operating accounts at FirstMerit and shall not open any additional bank accounts at other financial institutions without the express written consent of FirstMerit.

I. The Debtor shall make a provisional cash payment to FirstMerit in the amount of $2,500.00 (the "Cash Payment") on or before August 15, 2012, and on the 15th of each month thereafter until the Cash Payment is terminated by order of court or an Event of Default. FirstMerit agrees to accept such payment as a purported adequate protection payment. FirstMerit and the Debtor each stipulate and agree that the Cash Payment shall not be deemed an admission by FirstMerit that the amount provides sufficient adequate protection, nor does the agreement by FirstMerit constitute a concession that it is "adequately protected" within the meaning of 11 U.S.C. §§ 361 and 363, and each party reserves their rights with respect to whether a cash payment (or

payments) is necessary, and in what amount, to constitute adequate protection of FirstMerit's Cash Collateral.

J. The occurrence of any of the following events, unless and until specifically waived in writing by FirstMerit, shall constitute an Event of Default hereunder which shall result in the termination of Debtor's authority to use Cash Collateral upon 48 hours prior faxed or emailed notice to Debtor and its counsel:

1. Debtor fails to comply with any material provision of this Order, including but not limited to failing to make its Cash Payment to FirstMerit by its deadline.

2. A Trustee or examiner is appointed for Debtor or a motion seeking such appointment is filed by the U.S. Trustee, or any other party in interest, alleging fraud, defalcation, criminal wrong doing or intentional tort by Debtor, which motion is not denied or withdrawn within 10 business days of its presentation.

3. The Debtor's monthly receipts are less than 90% of the receipts projected to be received by the Debtor for such period in the Budget (on a cumulative basis measured from the Petition Date forward).

4. An Order modifying or terminating the automatic stay is entered without consent of FirstMerit as to any claimant seeking more than $5,000 from the Debtor.

5. Consummation of the sale of all or substantially all of the Debtor's assets.

6. The Effective Date of any Chapter 11 Plan for the Debtor.

7. This bankruptcy case is dismissed.

8. Debtor fails to make any post-petition deposit of any currently accruing employment tax liability.

9. Debtor fails to file any required Federal tax return by the due date of such return.

K. The failure of FirstMerit to declare a default does not constitute a waiver by any of the parties of the right to declare that the Debtor is in default.

L. Neither the dismissal or conversion of this case shall affect validity or operation of any liens, security interests nor other adequate protection granted to FirstMerit hereunder.

M. This Agreed Order is not, and shall not be considered a modification, alteration, revision, novation or change in the existing obligations of the Debtor to FirstMerit but is only for the purpose of providing FirstMerit with adequate protection for its secured interest in the Cash Collateral.

N. The Debtor is authorized and directed to take such steps and execute whatever instruments and documents, if any, as are reasonably necessary to effectuate the terms and conditions of this Agreed Order.

_____
Hon. A. Benjamin Goldgar

Dated: **0 6 AUG 2012**

AGREED:

FIRST MERIT BANK

BY: _____
Alan Zenoff, its attorney

Alan Zenoff
Zenoff & Zenoff Chartered
53 West Jackson Boulevard
Suite 1140
Chicago, Illinois 60604

PRIME TIME SPORTS, LLC

BY: _____
Lester A. Ottenheimer III
Attorney for the Debtor and Debtor in Possession

Lester A. Ottenheimer
Ottenheimer Law Group, LLC
750 Lake Cook Road, Suit 140
Buffalo Grove, Illinois 60089
(847) 520-9400